DOAN, KING & COMPANY, Plaintiffs in Error, *v.* SIDNEY S. DUNCAN, Defendant in Error.

ERROR TO MORGAN.

A clerk who sells goods, keeps books, and assists generally, under the supervision of his employer, has not, from the fact of his employment, authority to purchase goods abroad, on the credit and account of his principal.

Only such powers are presumed to be confided to a clerk as, in view of the usual course of trade, are necessarily and usually exercised by other clerks, in the same line of business, and as are adapted to the purposes of his employment.

THIS was an action of assumpsit, brought in the Morgan Circuit Court, to recover for a bill of merchandise, amounting to $305.62. Plea, non-assumpsit; verdict and judgment for defendant in the court below. A new trial was refused.

See opinion for a statement of the case.

D. A. SMITH, for Plaintiffs in Error.

J. GRIMSHAW, for Defendant in Error.

Doan et al *v.* Duncan.

SKINNER, J.  This was an action of assumpsit, for goods sold and delivered; verdict for the defendant, and motion for a new trial overruled.

The evidence shows that, in July, 1854, one Clarkson purchased of the plaintiffs, who were wholesale merchants of St. Louis, Missouri, on account of the defendant, who was a country merchant of Waverly, Illinois, a bill of goods, and appropriated the same to his own use.

The plaintiffs seek to recover from the defendant the price of the goods, on the ground that Clarkson was authorized by the defendant to purchase them for him.

The proof establishes that Clarkson came to Waverly in 1853, and engaged in the purchase, in a small way, of country produce and poultry, for the St. Louis market; that he made his headquarters and dépôt at the defendant's store, in Waverly, and assisted the defendant in the store, selling goods, keeping books, and so forth; continuing more or less his business of purchasing and shipping to St. Louis country produce.  There is, also, in the record, evidence, though of an inconclusive character, tending to prove that Clarkson had, on other occasions, acted for the defendant, in purchasing goods at St. Louis for the Waverly store.  The question then arises, has a clerk in a country store, from the fact of his employment as such, authority to purchase, on credit, on account of his employer, goods at wholesale in a foreign market?  If authority in such case is implied from the nature of the employment, the employer will be bound by the purchase, otherwise he will not, where no special prior authority or subsequent ratification is proved.

Whatever acts are usually done by such clerks; whatever rights and powers they usually exercise; and whatever duties they usually perform, in view of, and according to, the general usage and course of business in the country, are within the implied authority conferred by the employment.  Story on Agency, Sec. 106; 2 Kent's Com. 625; *Potter* v. *Dennison,* 5 Gil. R. 590.

A store clerk or shopman, employed to sell goods, keep the store books, and to act generally in the conduct of the store, under the supervision of the merchant, from the fact of his employment, has no authority to purchase abroad goods on the credit and on account of his principal.  Story on Agency, Secs. 88 and 89.

By legal intendment, from the known course of business and habits of merchants, so well defined as to admit of general recognition, such a purchase would be without the scope of the employment, and not obligatory on the principal.

The employer is presumed to confide to the clerk such

7

powers as, in view of the usual course of trade and commerce, are necessarily or usually exercised by like clerks in the particular business engaged in, and as are adapted to the ends and purposes of the employment, and no more. Story on Agency, Secs. 60, 77 and 78.

According to the common course of merchants, it would be extraordinary for a wholesale dealer to sell goods for a distant country store, on the credit of the country merchant, to a mere clerk of such merchant, without some satisfactory evidence of authority, and if he does he acts at his own peril.

The evidence in the record, tending to establish special authority to make the purchase, or recognition of authority in this case by the acts of the defendant, or general usage to confer and exercise such powers, is too uncertain and inconclusive to have required a finding of the jury against the defendant; and he is not liable on account of the purchase, from the fact alone that Clarkson was in his employ as clerk in the Waverly store.

A different rule of law from what is here declared, would subject merchants to ruin by foreign purchases of clerks, employed with no intention to confer upon them power to act beyond the ordinary business incident to the sale of goods at the place where the merchant is located.

*Judgment affirmed.*